## PROSECUTIONS UNDER THE CRABBE AND MILLER ACTS.

Common Pleas Court of Clermont County.

WILKINS v. STATE OF OHIO.

Decided, August, 1921.

*Intoxicating Liquors—Prosecutions for Selling, Possessing and Keeping a Place Where Sold—Final Jurisdiction of Mayors, Justices of the Peace, etc., in Liquor Cases—Jurisdiction of Mayor in Village Lying in Two Counties—Penial of Trial by Jury—Validity of Warrants of Arrest.*

1. A prosecution for keeping a place where intoxicating liquors are sold, furnished or given away is in no way authorized by the Crabbe act, but falls under Section 13195 which has been in full force and effect for two generations or more.

2. Under the Miller act, a mayor, justice of the peace, municipal or police, probate or common pleas judge, have final jurisdiction within their respective counties of all misdemeanors arising in their counties under laws relating to intoxicating liquors or providing for the enforcement of laws relating to intoxicating liquors.

3. The jurisdiction of the mayor of a village situated in two counties is co-extensive with both counties. In the exercise of such jurisdiction he need have but one office, and an affidavit upon which a warrant of arrest was issued is not rendered defective by reason of the fact that it was sworn to before the mayor while sitting in the county of his jurisdiction other than the one in which the offense was committed.

4. An act establishing a municipal court is a special grant of legislative power on a particular subject, and in no way contravenes the constitutional requirement that all laws of a general nature shall have uniform operation throughout the state; the Miller law, therefore, takes precedence over laws creating municipal courts in so far as its terms are in conflict with the municipal law.

5. Prosecutions for the manufacture, sale, having in possession or giving away of intoxicating liquors come under the Crabbe act, and are not rendered invalid by reason of the fact that the affidavits upon which the warrants of arrest were issued failed to negative the exceptions authorized by the act.

*Walter Murphy,* for George Wilkins.
*D. W. Murphy* and *H. E. Joseph,* for the State.

WM. A. JOSEPH, JUDGE.

This is a motion by George Wilkins for leave to file a petition in error, transcript, and bill of exceptions in this Court.

George Wilkins was convicted and fined $500.00 and costs in the mayor's court of Milford, Ohio, for unlawfuly keeping a place where intoxicating liquors were sold, from the first day of June, 1921, until the twentieth day of July, 1921, in Cincinnati, Hamilton County, Ohio, contrary to Section 13195 of the General Code of Ohio, and is now requesting leave of this court to file a petition in error from the proceedings had before and the decision of M. B. Scott, mayor of the village of Milford, Ohio.

There were several errors claimed and urged by plaintiff in error before this court as reasons why he should be permitted to file the petition in error.

Plaintiff in error cites the Crabbe act and claims that the affidavit, upon which the warrant for his arrest was made, is defective in that it is sworn to before Mayor Scott of Milford, Clermont county, Ohio, while the crime is alleged to have been committed in Hamilton county, Ohio.

In fact, this alleged misdemeanor does not come under the Crabbe act at all, but it does come under Section 13195, General Code, which provides as follows: ''Whoever keeps a place where intoxicating liquors are sold, furnished or given away in violation of Law, shall be fined, etc.''

Section 3, of the Crabbe act, provides, ''that no person shall manufacture, sell, barter, transport, import, export, deliver, furnish, receive, give away, prescribe, possess, solicit, or advertise any intoxicating liquors, except as authorized in this act.''

It will be seen that the Crabbe act in no place provides for keeping a place where intoxicating liquors are sold etc., and so for as this motion is concerned, we will have to look to the law other than the Crabbe act, excepting any laws that may refer directly to or by implication to the Crabbe act.

Section 19, of the Miller act, which was passed February 2nd, 1921, and approved February 9th, 1921, provides as follows:

''Any justice of the peace, mayor, municipal or police judge, probate or common pleas judge, shall have final jurisdiction with-

in their respective counties of all misdemeanors arising in such counties under this act, or under laws relating to intoxicating liquors of laws providing for the enforcement of such laws.''

The Crabbe act and the Miller act are both law enforcement acts.

The said village of Milford is located in both Hamilton and Clermont counties.

Section 3539, General Code, provides as follows:

''When the jurisdiction of municipal officers is co-extensive with the county in which the corporation is situated, their jurisdiction in corporations embracing territory of more than one county shall be co-extensive with each of the counties in which any part of such territory is located.''

It seems clear that under this section, the jurisdiction of Mayor Scott is co-extensive with both of the counties of Hamilton and Clermont in cases of this kind.

Section 4550, General Code, provides as follows:

''He (the mayor) shall keep an office at a convenient place in the corporation, to be provided by the council and shall be furnished by the council with the corporate seal of the corporation, in the center of which shall be the words, 'Mayor of the village, etc.,' as the case may be.''

The court is of the opinion that the affidavit upon which the warrant was issued in this case is valid because the council having furnished the mayor a convenient place in the corporation in which to keep his office, he has a right to swear an affiant to an affidavit in the place provided for him by the council of said village. I mean by this statement, the mayor does not have to change the place of his office from the Clermont county side and go on the Hamilton county side of said village to swear an affiant to an affidavit for a warrant for a misdemeanor committed in Hamilton county or *vice versa*, if his office is in that part of the village which is in Hamilton county, he will not have to change his office from the Hamilton county side to the Clermont county side in order to swear an affiant to an affidavit for a warrant for a misdemeanor committed on the Clermont county side,

Section 3539, General Code, enlarges the jurisdiction of mayors in corporations embracing a territory of more than one county, and in construing Sections 4550 and 3539, General Code, together, the court is of the opinion that a mayor need have but one office in the village of which he is mayor in order to exercise jurisdiction co-extensive with the counties in which the village is located.

Another matter mentioned in the argument of counsel assails the jurisdiction of a mayor or justice of the peace, residing and maintaining an office in the county outside of the corporate limits of Cincinnati, because Section 1558-41, General Code provides as follows:

"No justice of the peace in any township in Hamilton county, other than in Cincinnati township, nor mayor of any village or city in any proceeding, whether civil or criminal, in which any warrant, order of arrest, summons, order of attachment or garnishment or other process except subpoena for witness shall have been served upon a citizen or resident of Cincinnati or a corporation having its principal office in Cincinnati, shall have jurisdiction, unless such service be actually made by personal service within the township, village or city in which said proceedings may have been instituted, or in a criminal matter unless the offense charged in any warrant or order of arrest shall be alleged to have been committed within said township, village or city."

The criminal jurisdiction of justices of the peace and mayors of villages has always been co-extensive with the county until restricted by the different acts creating municipal courts.

The acts creating municipal courts do not offend or contravene Section 26, Article 2, of the Constitution of Ohio, requiring all laws of a general nature to have uniform operation throughout the state as the establishment of a municipal court in Cincinnati is by special grant of Legislative power upon a particular subject. See *State ex rel* vs *Hesse*, 93 O. S. page 231; *State ex rel* vs *Block*, 65 O. S. page 370; *State ex rel* vs *Yeatman*, 89 O. S. page 44.

The Miller act is created in exactly the same way. Were it not for the Miller act, the court has no hesitancy in saying, that the

mayor of the village of Milford would have no jurisdiction in this case, because this alleged misdemeanor does not come under the Crabbe act. See Section 9, Article 15, Constitution of Ohio. Section 19, of the Miller act, passed February 2, 1921, and approved February 9, 1921, and which was a law and in effect at the time of the alleged misdemeanor charged in the affidavit.

Section 19, of the Miller act, provides as follows:

"Any justice of the peace, mayor, municipal or police judge, probate or common pleas judge, shall have final jurisdiction within their respective counties of all misdemeanors arising in such counties under this act, or under laws relating to intoxicating liquors, or laws providing for the enforcement of such laws."

The Legislature has the power to enlarge or diminish the jurisdiction of justices of the peace, and mayors of municipalities.

The Miller law was passed last winter and became a law subsequent to the law creating municipal courts, and therefore takes precedence over the law creating municipal courts in so for as its terms are in conflict with the municipal law.

If the Legislature had intended to curtail the jurisdiction of justices of peace and mayors so that they should have no jurisdiction, in cities having municipal courts, of misdemeanors committed therein, in this class of cases, it would have said so. There are no exceptions and the Legislature must have meant what it said. While repeals by implication are not favored by the law, still when the terms of a later act are so inconsistent with the terms of a former act that all can not stand, the terms of the later act that are in conflict with the terms of a former act will prevail.

Counsel for plaintiff in error further complained because plaintiff was denied the right of trial by jury. It is the well established law of this state by a long line of decisions to the effect that in misdemeanors wherein imprisonment is not a part of the penalty, the Legislature can lodge final jurisdiction in the trial courts to the exclusion of the right of trial by jury, and in accordance with this well established principle of law the Legislature has provided in Section 4536, General Code, the following: "He (the

mayor) shall have final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is by the Constitution entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county, etc.'' Also, see the Miller act, Section 19.

The plaintiff in error further complains against the decision of Mayor Scott, of Milford, on the grounds that the decision is against the weight of evidence. The court has carefully gone over the evidence in this case, and is of the opinion that the judgment of the mayor is sustained by the evidence. The state inspectors testified that they bought whiskey in this place on two or three different occasions between the first day of June and the 20th day of July, 1921, and that on the last day in which it was bought there by the state officer, the plaintiff in error sold it to him and admitted that he was the owner of the place.

This is an action for unlawfully keeping a place where intoxicating liquors are sold, furnished, exchanged or given away in violation of the law, and is not for the unlawful selling of liquor; and in the case of *Spfortza et al v. State of Ohio,* 11 Ohio Appellate Reports, page 332 (32 O. C. A., —), it is held that the proof of a single sale of intoxicating liquors is not indispensable to a conviction for keeping a place for the unlawful sale of intoxicating liquors.

There was evidence to the effect that on the day Mr. Wilkins was in his place of business, that he emptied some whiskey into a sink in order to prevent the state prohibition officer from taking it. There was evidence that a bar tender was in attendance, during the business hours of this place, adorned in the usual regalia, and the appearance of the place was that of a saloon; and that from day to day, persons were seen going in and out of the place. There was also evidence that several had purchased whiskey several times within the time stated in the affidavit.

Mayor Scott saw and heard these witnesses on the stand and had the opportunity to observe their demeanor while on the stand and was in a better position to know what weight to give to their testimony than a reviewing court. The court is, there-

fore, of the opinion that the evidence adduced in this case as exhibited by the bill of exceptions is amply sufficient to sustain his decision.

It was claimed that the evidence as to the proprietorship of the plaintiff in error of this place was not sufficient from the evidence shown by the bill of exceptions. The court is of the opinion that the proprietorship was established by the evidence, and that the plaintiff in error, George Wilkins, was the proprietor of this place at and prior to the time of his arrest.

Counsel for plaintiff in error claims that the affidavits upon which the warrants of arrest were issued fail to negative the exceptions authorized by these acts. If the selling or possessing of liqqor, etc., might be legal, is in the descrpition or definition of the offense, then it would be necessary to negative these averments in the affidavits, but in as much as they are contained in the provisos, the offense is complete in charging one with the offense without negativing the exceptions. See *State* v. *Hutchinson*, 55 O. S., 573; also, 49 O. S., 117.

The motion, therefore, for leave to file a petition in error in this case is denied.